# Allen *v.* Watts.

*Action on Official Bond of County Treasurer.*

1. *Preferred county claims; money set apart for payment of; liability to other claims.*—It is made the duty of the county treasurer to set apart, from the moneys of the county in his hands, a sum sufficient to pay the preferred claims, which constitute the necessary current expenses of the county (Code, § 908); the moneys so set apart by him can not be subjected to the payment of other claims, nor even of similar claims already incurred and accrued; and if he sets apart a greater sum than is necessary for the prescribed purpose, the holder of another claim can only have judgment for the surplus, or excess.

APPEAL from the Circuit Court of Conecuh.
Tried before the Hon. JOHN P. HUBBARD.

32

[Allen v. Watts.]

G. R. FARNHAM, for appellants.

STALLWORTH & BURNETT, *contra.*

McCLELLAN, J.—This is an action on the official bond of the treasurer of Conecuh county. The breach alleged is, that the treasurer failed and refused to pay certain juror and bailiff certificates, which had been issued in 1886, and belonged to the plaintiffs, and constituted a claim against the county, though there were funds in the county treasury, it is alleged, at the time of demand, which could have been devoted to this purpose. Two defenses were insisted on at the trial: (1) that the certificates had been paid; and (2) that there were no funds on hand, except such as had been set apart under statutory requirement for a specific purpose, and could not be appropriated to the payment demanded. Each side requested the general charge. It was given for defendants, and plaintiffs' request was refused. The action of the court in each particular was excepted to, and upon these exceptions are based the only assignments of error that are made.

The proof shows that, at the time the certificates in question were issued, the duties of the treasurer's office were discharged by Herrington and Cooper, under an arrangement which the treasurer had made with them, in consideration of their becoming sureties on his bond, by the terms of which they were to receive and have custody of the funds, keep the books of the office, make disbursements, &c., &c. While this arrangement obtained, the certificates involved in this suit came to the hands of Herrington, as he says, by purchase from the original holders, and were by him sent to the plaintiffs, in payment *pro tanto* of a debt he owed them. On the principle, that it is a payment in law when the hand which is to pay is the hand also to receive—a proposition thoroughly well established in our jurisprudence—it was insisted below, that these claims were paid the moment they came into Herrington's possession. This line of defense is not put forward in the argument here, however, and, as the case may be determined on another point, we will not decide this question.

The breach of the condition of the bond relied on here was committed in March, 1888, at the time of, and resulting from, the written demand for payment, and its refusal. The sufficiency of the second defense, to the effect that there were

[Allen v. Watts.]

no funds in the treasury, which could be legally applied in satisfaction of these certificates, must therefore be determined by reference to the law then of force—which was the Code of 1886—and not by the statute in effect at the time the claim accrued.    Section 908 of the Code of 1886 makes the claims of jurors and commissioners for compensation, and the accounts for necessary stationery furnished the county, preferred claims, and requires the county treasurer "to set apart a sufficient fund from the moneys of the county for the payment."    The language of the present statute is slightly different from that employed in previous acts and codifications, but, we apprehend, the meaning is the same; and that the purpose of this, as well as all former laws on the subject, was to assure a fund to pay such current expenses of the body politic, as were essential to its very existence, and the continued discharge of the functions for the performance of which it was created.    It is clear, on the one hand, that the purposes of this statute would not be met by a construction which would admit of the payment, out of the fund thus set apart, of claims, even of the classes mentioned, which had accrued for services already rendered, and, on the other, that to hold it to be the duty of the treasurer to pay other claims out of this fund would be to emasculate the law of all meaning and effect.

But it is urged, that this interpretation would put it in the power of the treasurer to defeat all claims not of the preferred classes, for which he is thus to provide, by simply setting aside the whole fund in his hands for this purpose.    A sufficient answer to this position—leaving out of view any other remedy the claimant may have—is, that he is only authorized to set apart a *sufficient* sum to meet these expenditures; and if he should, in good faith or otherwise, thus appropriate more than was necessary to fulfill the statutory purpose, he could not defend against a suit for refusing to pay other claims, on the ground of such appropriation, though even in that case, it would seem, he ought to be let in to reduce the recovery, and confine it to the amount in his hands in excess of the sum really necessary to pay the preferred claims. *Enloe v. Reike*, 56 Ala. 505.

The uncontroverted evidence of the treasurer and his deputy shows, that when the demand was made on him, and he refused to pay these certificates, he had only two thousand dollars of the county's funds; that this sum was necessary to meet the claims provided for by section 908 of the Code

during the year, and which would accrue before he would receive other funds; and that in pursuance of the statute, he had set apart all of this sum for that purpose. On this state of the evidence, it was not the treasurer's duty to pay the claims held by plaintiffs, when demand therefor was made; his refusal did not constitute a breach of the condition of his official bond; and the action of the court in giving the general charge in favor of the defendants, and in refusing to charge that the jury should find for the plaintiffs if they believe the evidence, was free from error.

The judgment of the Circuit Court is affirmed.